IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH HUTTON<br>4901 Camac Street<br>Philadelphia, PA 19141<br><br>        Plaintiff,<br><br>   v.<br><br>HIGHLINE AFTERMARKET<br>ACQUISITION, LLC.<br>180 New Britan Blvd.<br>Chalfont, PA 18914<br><br>        Defendant. | CIVIL ACTION NO:<br><br>**COMPLAINT WITH JURY DEMAND** |

**CIVIL ACTION COMPLAINT**

Plaintiff Keith Hutton ("Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Highline Aftermarket Acquisition, LLC ("Defendant").

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Defendant of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §1981 ("Section 1981"), and the Pennsylvania Human Relations Act ("PHRA"). Defendant subjected Plaintiff to discrimination and harassment due to his race (African descent) and/or national origin/ethnicity (Jamaican), and retaliation due to his complaints about same. As a result of Defendant's unlawful actions, Plaintiff has suffered damages as set forth herein.

**JURISDICTION AND VENUE**

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

1

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, Title VII and Section 1981. This Court has supplemental jurisdiction over the related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. Plaintiff has exhausted the administrative remedies required as a prerequisite to the filing of his instant Title VII claims. After timely filing his Title VII claims with the EEOC, Plaintiff received an EEOC's Notice of Suit Rights on or about January 16, 2020, and this Complaint is filed within 90 days of said receipt. Plaintiff's Section 1981 claims do not require the exhaustion of administrative remedies as a prerequisite to the filing of the claims, and this Complaint is filed within the 4-year statute of limitations for said claims. Plaintiff's PHRA claims were timely filed with the PHRC when Plaintiff filed his Title VII claims with the EEOC (the claims were "dual-filed" at the time), and this Complaint is filed before the expiration of the 2-year period following the 1-year anniversary of the filing of the claims.

**PARTIES**

7. The foregoing paragraphs are incorporated herein as if set forth in full.

8. Plaintiff is an adult individual, with an address as set forth in the caption.

9. Defendant is a business entity that does business in Pennsylvania at the above captioned address.

10. At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein as if set forth in full.

12. Plaintiff is from Jamaica.

13. Plaintiff is of African descent.

14. In or around January 2017, Defendant hired Plaintiff as a Merchandise Processor.

15. Charles Dendy was Plaintiff's co-worker at all times relevant hereto (hereinafter "Dendy").

16. During Plaintiff's employment with Defendant, Dendy would make discriminatory and harassing comments regarding Plaintiff's race, national origin/ethnicity, and accent.

17. For example, Dendy would make discriminatory and harassing comments like, "I don't like Jamaicans, you are my worst enemy," and he would say that he did not want anything to do with Jamaicans.

18. Among other witnesses, Charles Kidd (hereinafter "Kidd"), a former Merchandise Processor for Defendant, witnessed Dendy discriminating against and harassing Plaintiff on nearly a weekly basis during the time that Kidd was employed by Defendant. The harassment included bullying and violent threats. On at least one occasion, Kidd heard Dendy tell Plaintiff that he (Dendy) "would gladly go back to prison over [Plaintiff]," meaning that Dendy was willing to risk prison time in order to harm Plaintiff.

19. Kidd further witnessed Dendy making it clear that he was harassing Plaintiff because of his race and/or national origin/ethnicity. Kidd witnessed Dendy state that he did not like Plaintiff because he "doesn't like Jamaicans."

20. Many of these discriminatory and harassing conduct by Dendy happened in full view and within earshot of Defendant's other employees. These incidents also sometimes occurred in full view and within earshot of Defendant's managers, including, but not limited to, Warehouse Manager Austin Nelson ("Manager Nelson").

21. Plaintiff complained to his supervisors on a number of occasions about Dendy's discriminatory and harassing conduct, but his supervisors did not take sufficient remedial action to stop the discriminatory and harassing conduct from continuing. Said failings violated Defendant's own policies, which purport to prohibit discrimination, harassment, bullying, and retaliation in the workplace.

22. In retaliation for his complaints, Dendy escalated the discriminatory and harassing conduct to include acts of physical violence.

23. For instance, Dendy aggressively pushed a box in front of Plaintiff in order to cause Plaintiff to trip, and Dendy referred to Plaintiff as his "enemy." Dendy also went so far as to cut Plaintiff's jacket with a knife.

24. Plaintiff reported Dendy's discriminatory and harassing conduct to his supervisors, but his supervisors did not take sufficient remedial action to stop the discriminatory and harassing conduct from continuing. Said failings violated Defendant's own policies, which purport to prohibit discrimination, harassment, bullying, and retaliation in the workplace.

25. On or about February 28, 2020, Plaintiff received a very positive performance review, which review summarized Plaintiff as being *"a hard worker"* with *"great attendance."*

26. Since Dendy's discriminatory and harassing conduct was continuing, in or around early to mid-March 2020, Plaintiff escalated his complaints by reporting the conduct to Manager Austin and the Human Resources Department (and in particular, to Lori Minott of the HR Department). They, however, did not take sufficient remedial action and thus Dendy's discriminatory and harassing conduct continued. Said failings violated Defendant's own policies, which purport to prohibit discrimination, harassment, bullying, and retaliation in the workplace.

27. Within a week or so of said report, Defendant decided to include Plaintiff in a group layoff that was scheduled for April 6th, claiming for the first time that Plaintiff was to be included in the layoff, and attempting to justify Plaintiff's last-minute inclusion as being due to his "poor performance."

28. Prior to Plaintiff escalating his complaints to the Human Resources Department, Plaintiff had not been notified that he was being included in the April group layoff, as Plaintiff was a *"a hard worker"* with *"great attendance,"* as provided in Plaintiff's *positive performance review from just 30 or so days earlier*.

29. The only occurrence of significance between Plaintiff's *positive performance review* on February 28th and Plaintiff being included in the April layoff for alleged "poor performance" was Plaintiff's escalation of his protected complaints to the Human Resources Department in or about early to mid-March.

30. Defendant's excuse for including Plaintiff in the April layoff (which excuse was alleged "poor performance") was pretext designed to cover up Defendant's true rationale for including Plaintiff in the layoff – retaliation because he escalated his complaints of discrimination and harassment to the Human Resources Department, and/or his race, national origin, and/or ethnicity.

## COUNT I
### Violations of Title VII of the Civil Rights Act of 1964
### (Race Discrimination)

31. The foregoing paragraphs are incorporated herein as if set forth in full.

32. At all times relevant herein, Defendant was an "employer" within the meaning of Title VII.

33. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of Title VII.

34. Title VII prohibits employers, such as Defendant, from discriminating against an employee on the basis of race.

35. Defendant subjected Plaintiff to discriminatory conduct because Plaintiff is of African descent; said discriminatory conduct includes Plaintiff's inclusion in the April layoff.

36. Defendant's actions as aforesaid constitute violations of Title VII.

37. Defendant's actions were intentional and done with malice and reckless indifference to Plaintiff's right not to be discriminated against or harassed on the basis of his race.

38. Plaintiff has suffered harm as a result of Defendant's actions.

## COUNT II
### Violations of Title VII of the Civil Rights Act of 1964
### (National Origin/Ethnicity Discrimination)

39. The foregoing paragraphs are incorporated herein as if set forth in full.

40. Title VII prohibits employers, such as Defendant, from discriminating against an employee on the basis of national origin and/or ethnicity.

41. Defendant subjected Plaintiff to discriminatory conduct because Plaintiff is Jamaican; said discriminatory conduct includes Plaintiff's inclusion in the April layoff.

42. Defendant's actions as aforesaid constitute violations of Title VII.

43. Defendant's actions were intentional and done with malice and reckless indifference to Plaintiff's right not to be discriminated against or harassed on the basis of his national origin and/or ethnicity.

44. Plaintiff has suffered harm as a result of Defendant's actions.

## COUNT III
## Violations of Title VII of the Civil Rights Act of 1964
### (Retaliation)

45. The foregoing paragraphs are incorporated herein as if set forth in full.

46. Title VII prohibits employers, such as Defendant, from retaliating against employees who engage in protected activities by complaining about racial and/or national origin and/or ethnicity harassment or discrimination.

47. Plaintiff engaged in a protected activity within the meaning of Title VII by complaining to Defendant about racial and national origin and/or ethnicity harassment and discrimination.

48. Defendant violated Plaintiff's rights under Title VII by including Plaintiff in a layoff in retaliation for his protected complaints.

49. Defendant's actions as aforesaid constitute violations of Title VII.

50. Defendant's actions were intentional and done with malice and reckless indifference to Plaintiff's right not to be discriminated against or harassed on the basis of race or national origin and/or ethnicity.

51. Plaintiff has suffered harm as a result of Defendant's actions.

## COUNT IV
## Violations of the PHRA
### (Race Discrimination)

52. The foregoing paragraphs are incorporated herein as if set forth in full.

53. At all times relevant herein, Defendant was an "employer" within the meaning of the PHRA.

54. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the PHRA.

55. The PHRA prohibits employers, such as Defendant, from discriminating against an employee on the basis of race.

56. Defendant subjected Plaintiff to discriminatory conduct because Plaintiff is of African descent; said discriminatory conduct includes Plaintiff's inclusion in the April layoff.

57. Defendant's actions as aforesaid constitute violations of the PHRA.

58. Defendant's actions were intentional and done with malice and reckless indifference to Plaintiff's right not to be discriminate against or harassed on the basis of his race.

59. Plaintiff has suffered harm as a result of Defendant's actions.

## COUNT V
### Violations of the PHRA
### (National Origin/Ethnicity Discrimination)

60. The foregoing paragraphs are incorporated herein as if set forth in full.

61. The PHRA prohibits employers, such as Defendant, from discriminating against an employee on the basis of national origin and/or ethnicity.

62. Defendant subjected Plaintiff to discriminatory conduct because Plaintiff is Jamaican; said discriminatory conduct includes Plaintiff's inclusion in the April layoff.

63. Defendant's actions as aforesaid constitute violations of the PHRA.

64. Defendant's actions were intentional and done with malice and reckless indifference to Plaintiff's right not to be discriminated against or harassed on the basis of his national origin and/or ethnicity.

65.     Plaintiff has suffered harm as a result of Defendant's actions.

## COUNT VI
## Violations of the PHRA
## (Retaliation)

66.     The foregoing paragraphs are incorporated herein as if set forth in full.

67.     The PHRA prohibits employers, such as Defendant, from retaliating against employees who engage in protected activities by complaining about racial and/or national origin and/or ethnicity harassment or discrimination.

68.     Plaintiff engaged in a protected activity within the meaning of the PHRA by complaining to Defendant about racial and national origin and/or ethnicity harassment and discrimination.

69.     Defendant violated Plaintiff's rights under the PHRA by including Plaintiff in a layoff in retaliation for his protected complaints.

70.     Defendant's actions as aforesaid constitute violations of the PHRA.

71.     Defendant's actions were intentional and done with malice and reckless indifference to Plaintiff's right not to be discriminated against or harassed on the basis of race or national origin and/or ethnicity.

72.     Plaintiff has suffered harm as a result of Defendant's actions.

## COUNT VII
## Violations of Section 1981
## (Race Discrimination)

73.     The foregoing paragraphs are incorporated herein as if set forth in full.

74.     At all times relevant herein, Defendant was an "employer" within the meaning of the PHRA.

75. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of Section 1981.

76. Section 1981 prohibits employers, such as Defendant, from discriminating against an employee on the basis of race.

77. Defendant subjected Plaintiff to discriminatory conduct because Plaintiff is of African descent; said discriminatory conduct includes Plaintiff's inclusion in the April layoff.

78. Defendant's actions as aforesaid constitute violations of Section 1981.

79. Defendant's actions were intentional and done with malice and reckless indifference to Plaintiff's right not to be discriminated against or harassed on the basis of his race.

80. Plaintiff has suffered harm as a result of Defendant's actions.

## COUNT VIII
### Violations of Section 1981
### (National Origin/Ethnicity Discrimination)

81. The foregoing paragraphs are incorporated herein as if set forth in full.

82. Section 1981 prohibits employers, such as Defendant, from discriminating against an employee on the basis of national origin and/or ethnicity.

83. Defendant subjected Plaintiff to discriminatory conduct because Plaintiff is Jamaican; said discriminatory conduct includes Plaintiff's inclusion in the April layoff.

84. Defendant's actions as aforesaid constitute violations of Section 1981.

85. Defendant's actions were intentional and done with malice and reckless indifference to Plaintiff's right not to be discriminated against or harassed on the basis of his national origin and/or ethnicity.

86. Plaintiff has suffered harm as a result of Defendant's actions.

## COUNT IX
## Violations of Section 1981
## (Retaliation)

87. The foregoing paragraphs are incorporated herein as if set forth in full.

88. Section 1981 prohibits employers, such as Defendant, from retaliating against employees who engage in protected activities by complaining about racial and/or national origin and/or ethnicity harassment or discrimination.

89. Plaintiff engaged in a protected activity within the meaning of Section 1981 by complaining to Defendant about racial and national origin and/or ethnicity harassment and discrimination.

90. Defendant violated Plaintiff's rights under Section 1981 by including Plaintiff in a layoff in retaliation for his protected complaints.

91. Defendant's actions as aforesaid constitute violations of Section 1981.

92. Defendant's actions were intentional and done with malice and reckless indifference to Plaintiff's right not to be discriminated against or harassed on the basis of race or national origin and/or ethnicity.

93. Plaintiff has suffered harm as a result of Defendant's actions.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be permanently enjoined from discriminating against Plaintiff or anyone else on any basis forbidden by Title VII, the PHRA, or Section 1981;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to lost past earnings and future lost earnings;

C. Plaintiff is to be awarded liquidated and/or punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be awarded damages for emotional distress and/or pain and suffering and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law; and

F. Plaintiff's claims are to receive a trial by jury.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Travis Martindale-Jarvis*
Travis Martindale-Jarvis, Esq.
Richard S. Swartz, Esq.
1101 North Kings Highway, Suite 402
Cherry Hill, NJ 08034

Dated: April 14, 2021